UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
FEB 1 5 2017
LAWRENCE K. BAERMAN, CLERK
ALBANY

| | |
|---|---|
| Hongfa Huo <br>             Plaintiff <br> V. <br><br> John F. Kelly , Secretary <br> U. S. Department of Homeland Security <br> 245 Murray Lane, Building 410 <br> Washington, D.C. 20258 <br><br> Lori Scialabba, Acting Director <br> U.S. Citizen and Immigration Services <br> 425 I St NW Washington, DC 20536 <br><br> James Comey, Director <br> Federal Bureau of Investigation <br> 935 Pennsylvania Avenue, NW <br> Washington D.C. 20535-0001 <br><br> Jeff Sessions, Attorney General <br> U. S. Department of Justice <br> 950 Pennsylvania Ave, NW <br> Washington, DC 20530-0001 <br><br>             **Defendants** | CIVIL ACTION <br> NO. 1:17-cv-167 <br> (BKS/CFH) |

## PLAINTIFF'S ORIGINAL COMPLAINT

## FOR WRIT IN THE NATURE OF

## MANDAMUS & DECLARATORY JUDGEMENT

NOW come the Plaintiff, Hongfa Huo, by and through Pro Se, in the above-captioned matter, and hereby states as follows:

1. This action is brought against the Defendants to compel action on the clearly delayed

1

processing of I-485 Applications filed by the Plaintiff, Hongfa Huo and his wife Jing Cheng. The application was filed **on July 21, 2014 (30 months** ago as of Feb. 2017) and remains within the jurisdiction of the Defendants, who have improperly handled and delayed processing the application to Plaintiff's detriment.

## PARTIES

2. Plaintiff, Hongfa Huo, resides at 52 Empire Drive, Niskayuna, NY 12309, alien number is the primary applicant of an I-485, Application to Register Permanent Resident or Adjustment of Status along with his wife as the derivative beneficiary, filed with the USCIS on July 21, 2014.

3. Defendant **John F. Kelly** is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC § 1103(a). More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of applications for nonimmigrant visas filed pursuant to the Immigration and Nationality Act (INA). The U.S. Citizenship & Immigration Services is an agency within the Department of Homeland Security to whom the Secretary of the Department of Homeland Security's authority has in part been delegated, and is subject to the Secretary of the Department of Homeland Security's supervision.

4. Defendant **Lori Scialabba** is the Acting Director of the U.S Citizenship & Immigration Services (USCIS) and an official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here. 8 CFR § 103.1(g)(2)(ii)(B).

2

5. Defendant **James Comey**, Director of Federal Bureau of Investigations (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the Department of State. As will be shown, Defendant has failed to complete the security clearances of Plaintiff's cases.

6. Defendant Jeff Sessions is the Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C. § 1103, he is charged with controlling determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters.

## JURISDICTION

7. Jurisdiction in this case is proper under 28 USC §§ 1391 and 1361, 5 USC §701 et seq., and 28 USC §2201 et seq. Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 USC §1391(e), in that Plaintiff may request a hearing on the matter in the District where Plaintiff resides.

## EXHAUSTION OF REMEDIES

8. The Plaintiff has exhausted his administrative remedies. The Plaintiff has supplied the USCIS and FBI documents that clearly establish his eligibility to Register Permanent Resident or Adjust Status.

## CAUSE OF ACTION

9. Plaintiff properly filed and applied through his employer for I-485, Application to Register

Permanent Resident or Adjust Status, pursuant to Section 245 of the Immigration & Naturalization Act on July, 21, 2014. Attached hereto as **Exhibit A** in an acknowledgement document by the USCIS (I-485 receipt).

10. This petition along with an I-140 and supporting documentation was filed by the plaintiff through his company lawyer on or about July 18, 2014. Plaintiff and derivative beneficiary have already been through the Fingerprinting process on August 11, 2014, attached hereto as **Exhibit B**. Plaintiff and derivative beneficiary have already used 3 EAD (Employment Authorization Department) cards and 3 Travel Parole Applications that were granted to them by USCIS.

11. Since April 2015, Plaintiff has been contacting USCIS about the case status every other month on average to figure out why the processing of the case has been delayed and has received no definitive responses or relief. Attached hereto as **Exhibit C is** a portion of the documents that the plaintiff was able to collect.

12. The plaintiff started emails conversation and following up with the Office of the Citizenship and Immigration Services Ombudsman at US. Department of Homeland Security on September 18, 2015, and the plaintiff have received no definitive responses or relief. Attached hereto as **Exhibit D.**

13. Plaintiff wrote to the Office of the Frist Lady Michelle Obama regarding the status of the name check requests for Plaintiff and the derivative beneficiary, approximately in November 2015. According to the response from the Office of the Frist Lady Michelle Obama, FBI sent responses to the name check requests to the USCIS in July and August 2014, respectively. Attached hereto as **Exhibit E** is the letter from the Office of the Frist Lady Michelle Obama.

14. Plaintiff requested assistance from the Offices of Senator Charles Schumer and Senator Kirsten Gillibrand and received their responses on Dec. 28, 2015 and February 11, 2016, respectively. The USCIS provided no definitive responses or relief answering the inquiries from the Senators' offices. Attached hereto as **Exhibit F**.

15. On September 9, 2016, Plaintiff received letter from the USCIS requesting Plaintiff and the derivative beneficiary to appear for initial interview at USCIS Albany office on October 18, 2016. Attached hereto as **Exhibit G**.

16. On October 4 2016, Plaintiff received notice from the USCIS that the interview was canceled due to unforeseen circumstances and plaintiff will be noticed of any further action on the case. No notice has been received by plaintiff. Attached hereto as **Exhibit H** is the notice of interview cancellation.

17. In November, 2016, Plaintiff appeared before the USCIS Albany Office in order to inquire about the status of his case. Plaintiff was told to follow up in 30 days. In January 2017, Plaintiff appeared before the USCIS Albany Office to follow up on the status of his case and was told the case is still pending adjudication and no further information can be provided.

18. Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

    a) Specifically, Plaintiff Hongfa Huo would like to travel internationally. So long as his application for adjustment of status is pending, his travel is restricted by federal regulation which requires special permission to travel abroad ("advanced parole") during the pendency of such applications. 8 CFR §245.2(a)(4). Departure without the advanced parole would be deemed an abandonment of the permanent resident application. *Id*. This situation operates to the great inconvenience and harassment of

  Plaintiff.

  b) Plaintiff has further been damaged in that he has been unable to obtain legal permanent residence, work without restriction and accrue time to be eligible for Naturalization as a citizen of the United States. Plaintiff has had to renew his employment authorization due to the delay in adjudication of his adjustment of status application.

  c) Plaintiff has also been damaged financially, as he has paid twice for the immigration medical exam as of January 2017 (as the medical exam documents are only good for one year).

19. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are unlawfully withholding action on the Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regards to the Plaintiff's case. Defendants have not rescheduled the interview since the cancelation of the interview appointment on October 4, 2016.

20. Though the role of Defendants is pivotal in securing the civilians of the United States of America from people planning to do harm on American soil, the Defendants actions in adjudicating the Plaintiff's case have clearly gone beyond the expected 120 days to 1 year processing time and have failed to adhere to their own regulations.

21. The defendants have failed to properly adjudicate this petition. They have failed to adhere to their own regulations and have improperly delayed the processing of the Plaintiff's I-485 Application after the Plaintiff had submitted a properly executed application. It has been 30 months since the Plaintiff has filed his I-485 application.

22. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to

applicable requirements and complete the processing procedures. The Plaintiff has done everything to get his case Adjudicated but the Defendants have clearly not given the Plaintiff any form of relief.

23. Defendants' delay in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have inappropriately refused to adjudicate the petition, thereby depriving them of the rights to which the Plaintiff and derivative beneficiary are entitled.

## PRAYER

24. WHEREFORE, in view of the arguments and authority noted herein, the Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

    (a)   requiring Defendants to properly adjudicate Plaintiff and the derivative beneficiary's application for adjustment of status within 30 days;

    (b)   awarding Plaintiff's reasonable attorney's fees; and

    (c)   Granting such other relief at law and in equity as justice may require.

Respectfully Submitted,

Signature: _____ Date: 2/15/17

Hongfa Huo

**PRO SE**

Address: 52 Empire Drive

Niskayuna, NY 12309

Telephone (404)583-2409

Email:Hongfa.huo@gmail.com